| AO 10*<br>Rev. 1/2010 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2009** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Easterbrook, Frank H. | 2. Court or Organization<br><br>Seventh Circuit | 3. Date of Report<br><br>05/07/2010 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>Chief Judge | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,    Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2009<br>to<br>12/31/2009 |
| 7. Chambers or Office Address<br><br>219 South Dearborn Street<br>Chicago, Illinois 60604 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Senior Lecturer | University of Chicago |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

RECEIVED 2010 MAY 12 A 10: 04 DISCLOSURE OFFICE

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 05/07/2010 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | University of Chicago - Salary (see Part VIII) | $25,365.00 |
| 2. | | Harvard University Press - royalty | $398.83 |
| 3. | | Thomson (West Publishing) - royalty | $390.97 |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Univeristy of Pennsylvania | January 21-23, 2009 | Philadelphia, PA | Moot Court Competition | Transportation, meals, lodging |
| 2. | Berkeley Law School | April 12-14, 2009 | Berkeley, CA | Endowed Lecture in Law & Economics | Transportation, meals, lodging |
| 3. | The Federalist Society | November 12-14, 2009 | Washington, D.C. | Nat'l Lawyers Convention | Transportation, meals, lodging |
| 4. | | | | | |
| 5. | | | | | |

NOTE: Travel reimbursements for judicial business and other governmental reimbursements also omitted.

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 05/07/2010 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1.   Union League Club of Chicago | Signing privileges (see Part VIII) | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 05/07/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Vanguard 500 Index Fund (mutual fund) | E | Dividend | O | T | See Part VIII | | | | |
| 2. Vanguard Prime Money Market Fund (mutual fund) | A | Dividend | J | T | See Part VIII | | | | |
| 3. Vanguard High-Yield Tax Exempt Fund | D | Dividend | M | T | See Part VIII | | | | |
| 4. Vanguard Retirement Portfolio (mutual fund; blocked access) | E | Cap.Gain +Div. | O | T | See Part VIII | | | | |
| 5. JPMorgan Chase Bank (checking account) | A | Interest | K | T | | | | | |
| 6. | | | | | | | | | |
| 7. | | | | | | | | | |
| 8. | | | | | | | | | |
| 9. | | | | | | | | | |
| 10. | | | | | | | | | |
| 11. | | | | | | | | | |
| 12. | | | | | | | | | |
| 13. | | | | | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 05/07/2010 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Separate sheet attached.

VIII. ADDITIONAL INFORMATION or EXPLANATIONS.

1. (Part III): I have received the approval of the Judicial Council of the Seventh Circuit to teach at the University of Chicago. This income therefore is "outside earned income" rather than an "honorarium" within the meaning of the Ethics Reform Act of 1989. I accepted gross income exceeding the statutory cap (15% of Level II of the Executive Schedule) because, under §3(b) of the regulations of the Judicial Conference implementing this statute, "outside earned income" includes only net taxable income, and therefore excludes pension contributions as well as the "ordinary and necessary expenses paid or incurred in producing this income." Some of the income reported in Part III was contributed to a pension plan through the University of Chicago as part of a salary reduction plan and therefore does not count for statutory purposes. Moreover, the ordinary and necessary expenses of producing the income—including the cost of commuting between the courthouse and the Law School, fees for parking at the University, and the expenses of equipment and books for my Law School office—are substantial. Net taxable income is less than the statutory maximum.

2. (Part V) The Union League Club extends to federal judges the privileges of the Club's facilities without formal membership. During 2009 it charged $78 per month for these privileges. (All meals and other services are paid for at the same price as members). The Committee on Codes of Conduct has concluded (Opinion 2071) that these privileges do not entail a gift element.

3. (Part VII): Dividends and capital gain distributions from the mutual funds marked "See Part VIII" are reinvested automatically monthly. Shares were purchased and sold in the Vanguard Prime Money Market Fund occasionally. I treat this as a checking account, and as in past years I do not report these flows (as opposed to year-end balances). Shares of value code J were sold in the Vanguard High-Yield Tax Exempt Fund; no other transactions in these funds occurred during 2009.

4. (Part VII): While I was employed full-time by the University of Chicago preceding my appointment to the court, and again since 1992, pension contributions under a defined contribution plan were made on my behalf. TIAA–CREF holds the funds contributed before 1983 (value code N). Pension contributions since 1983, and supplemental retirement annuity contributions since 1982, are held by the Vanguard Group, which also holds pension contributions made on my behalf during 1981–84 by Lexecon Inc., plus IRA contributions during that period. "Vanguard Retirement Portfolio" is an umbrella designation for these assets. Access to all funds in the Vanguard Retirement Portfolio is blocked until I reach retirement age. Vanguard invests these monies in four of its funds: Vanguard Money Market Reserves Prime Portfolio; Vanguard Fixed Income Securities Fund Long-Term Corporate; Vanguard Fixed Income Securities Fund High-Yield Corporate; and Vanguard International Value Portfolio. Investments within the Vanguard Retirement Portfolio may change from time to time, but only from one mutual fund to another (never to stock in an individual firm), making a consolidated listing desirable.

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 05/07/2010 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signa

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

### FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544